The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Douglas E. Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Medical records, consisting of 53 pages, marked stipulated exhibit 1 were received into evidence.
3. A Form 22 and a set of employee earning records marked as stipulated exhibit 2, consisting of four pages, were received into evidence.
4. Answers to the first set of interrogatories marked as stipulated exhibit 3, consisting of 6 pages, were received into evidence.
5. Defendant's answers to interrogatories to defendant-employer marked as stipulated exhibit 4, consisting of 4 pages, were received into evidence.
6. Subsequent to the hearing, the parties submitted a set of medical records marked as stipulated exhibit 5. The non-medical records, consisting of pages 1-14, were removed from this set of documents. The remaining medical records were received into evidence.
7. Subsequent to the hearing before the Deputy Commissioner, the defendant submitted a set of records that included three accident reports, a motor vehicle record check and a summary of weather and ground conditions for April 6 through April 8, 1994. The plaintiff stipulated to the authenticity of these documents but objected to the admissibility of these documents on the grounds of relevance. Over the objection of plaintiff, these documents, consisting of 14 pages, were marked as defendant's exhibit 1 and received into evidence.
8. Subsequent to the hearing before the Deputy Commissioner, the parties submitted stipulated medical records from Dr. Wilson. These records, consisting of seventeen pages, were marked as stipulated exhibit 6 and were received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a fifty-five year-old male with a tenth grade education.
2. Plaintiff was employed by the defendant-employer as a janitorial worker. Plaintiff's job duties included keeping offices and bathrooms clean and emptying trash cans.
3. On April 8, 1994, plaintiff carried two containers to empty in a metal garbage dumpster. Plaintiff raised the lid of the garbage dumpster and leaned over to press down the garbage that was in the dumpster. While plaintiff was leaning over the dumpster, the metal lid to the dumpster flipped back over and struck the plaintiff. Plaintiff reported to his supervisor, Gilbert Connelly, that a trash can lid struck him on the neck. Plaintiff did not report that he had sustained any injury to anyone at that time.
4. Plaintiff testified that the first time that he sought medical treatment following the April 8, 1994 incident was on May 10, 1994 at Bowman Gray Hospital. Plaintiff testified that he began experiencing low back pain one week after the April 8, 1994 work-related incident. However, medical records reveal that plaintiff went to the emergency room at Davis Community Hospital in order to receive treatment for low back pain on April 9, 1994. Plaintiff had been experiencing this low back pain for the previous four days. Plaintiff did not report that he had been struck by a metal lid the day before this incident.
5. Plaintiff began experiencing pain in his neck about two weeks after the April 8, 1994 work-related incident.
6. Plaintiff sought medical treatment for pain in his back from Dr. Parsons on May 10, 1994 following the April 8, 1994 work-related incident. Plaintiff did not seek any medical treatment for his neck.
7. Plaintiff testified that prior to April 8, 1994 he did not have any low back problems. However, medical records reveal that plaintiff did have at least a one year history of gradually progressive right low back pain prior to the April 8, 1994 work-related incident.
8. Plaintiff testified that he had never seen any doctors for any neck problems prior to April 8, 1994. However, medical records reveal that plaintiff had received medical treatment for a cervical strain on December 27, 1989.
9. On July 15, 1994, plaintiff underwent a cervical laminectomy from C5 through 7, and a lumbar decompression at L4-5, L5-S1 with an L5-S1 microdiskectomy. These surgeries were performed by Dr. Wilson.
10. Plaintiff had pre-existing degenerative changes in his cervical and lumbar regions of the spine. The lumbar and cervical conditions surgically treated by Dr. Wilson were not directly caused by trauma.
11. The April 8, 1994 work-related incident where a dumpster lid fell on plaintiff did not exacerbate plaintiff's pre-existing cervical and lumbar degenerative conditions. Plaintiff did not experience any symptoms related to his neck within seventy-two hours of the April 8, 1994 work-related incident. Plaintiff was already experiencing pain in his lower back immediately prior to the April 8, 1994 work-related incident. Plaintiff did not suffer any new symptoms to his lower back within seventy two hours of the April 8, 1994 work-related incident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that the April 8, 1994 work-related incident involving the dumpster lid caused plaintiff's cervical and/or lumbar condition treated by Dr. Wilson and/or aggravated a pre-existing cervical and/or lumbar condition. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be, and the same is, HEREBY DENIED.
2. Each side shall bear its own costs.
3. Defendant shall pay an expert witness fee in the amount of $265.00 to Dr. Wilson, to the extent not already paid.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________________ J. RANDOLPH WARD COMMISSIONER
S/ ____________________________ COY VANCE COMMISSIONER
DCS:bjp